972 F.2d 1353
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David HOWARD, Jr., Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 92-3016.
 United States Court of Appeals, Federal Circuit.
 June 5, 1992.
Rehearing Denied June 30, 1992.
 
 Before RICH, PAVINE, NEWMAN and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 David Howard, Jr. petitions for review of the March 22, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. CH07529110282, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on September 24, 1991. Lacking jurisdiction over this petition, we dismiss.
 
 DISCUSSION
 
 2
 Although Howard's Fed.Cir.R. 15(c) statement concerning discrimination indicates that he seeks review only of the Board's "dismissal of the case for lack of jurisdiction or for untimeliness," the Board did not dismiss his appeal. It affirmed the "agency's action." Considering Howard's case on its merits, the Board affirmed the agency's removal of Howard based upon a charge of (1) failure to follow supervisory instructions (i.e., refusing to report for duty as directed), and (2) absence without leave (AWOL) from November 5 through November 27, 1990. The Board also considered Howard's affirmative defense that his removal was the product of agency discrimination against Howard on the basis of his religion ("Holiness"). As the Board determined, the sole basis of this defense was the allegation that Howard's supervisor improperly prohibited Howard from using the title "Elder" when answering the telephone. Because Howard was disciplined for refusing to report for duty and for being AWOL, not for his use of the title "Elder," the Board concluded that Howard had not established a prima facie case of religious discrimination. The Board's decision informed Howard of his options for seeking further review, as appropriate, before the Equal Employment Opportunity Commission, or a United States district court, or this court (if Howard chose not to seek review of the Board's decision on his discrimination claim).
 
 
 3
 Howard petitioned this court for review, but failed to waive his discrimination claim. Moreover, Howard's Informal Brief clearly makes allegations in paragraphs "5" and "6" of religious discrimination. Compare Meehan v. United States Postal Serv., 718 F.2d 1069, 1073-74 (Fed.Cir.1983) (petitioner's mere reference to racial composition of employment facility, coupled with failure to offer any evidence of discrimination before Board, did not raise issue of racial discrimination sufficient to deprive court of jurisdiction). This court's jurisdictional mandate excludes appeals from Board decisions in "cases of discrimination subject to the provisions of section 7702." Meehan, 718 F.2d at 1073; 5 USC 7703(b)(1)-(2). Section 7702 of Title 5 includes religious discrimination prohibited by the Civil Rights Act of 1964 (as set forth at 42 USC 2000e-16).
 
 
 4
 Accordingly, because Howard raised a claim of religious discrimination before the Board, and has not waived the claim here, we dismiss his petition for review for lack of jurisdiction.